# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARREN RIVERS,<br><br>    Petitioner,<br><br>    v.<br><br>MELISSA PARR,[1]<br><br>    Respondent. | Case No. 1:19-cv-00292-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR DEFAULT JUDGMENT, GRANT RESPONDENT'S MOTION TO DISMISS, AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE AND SUBSTITUTE RESPONDENT<br><br>(ECF Nos. 11, 12) |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

    Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. Petitioner pleaded guilty to conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. § 1594(c). The United States District Court for the Southern District of California sentenced Petitioner to an imprisonment term of 97 months. (ECF No. 1 at 2, 13; ECF

---

[1] Melissa Parr is the Warden at the Federal Correctional Institution in Mendota, where Petitioner is housed. Accordingly, Melissa Parr Lake is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

1

No. 11 at 2).² Although Petitioner did not file an appeal, Petitioner filed a motion under 28 U.S.C. §2255. (ECF No. 1 at 2, 4; ECF No. 11 at 2). On May 2, 2019, the § 2255 motion was denied. Rivers v. United States, No. 3:13-CR-3954-BEN-1, 2019 WL 1959583 (S.D. Cal. May 2, 2019).³

Meanwhile, on March 4, 2019, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Therein, Petitioner asserts that he is actually innocent, claiming that the government failed to disclose an interview of the victim, which occurred on or around September 9, 2013, that exonerates Petitioner. (ECF No. 1 at 3). In support of this claim, Petitioner has attached to the petition a signed declaration of the victim, dated February 15, 2018. (ECF No. 1 at 6).

On July 2, 2019, Respondent filed a motion to dismiss the petition for lack of jurisdiction and on the merits. (ECF No. 11). On July 15, 2019, Petitioner filed a motion for default judgment. (ECF No. 12). Petitioner has filed an opposition to the motion to dismiss. (ECF No. 14).

## II.

## DISCUSSION

### A. Motion for Default Judgment

In the motion for default judgment, Petitioner argues that Respondent has defaulted because Respondent did not submit a response to the petition within the time period proscribed by the Court. (ECF No. 12). This Court granted Respondent until July 9, 2019 to file a response to the petition. (ECF No. 9). Respondent filed a motion to dismiss the petition on July 2, 2019. (ECF No. 11). As Respondent complied with the deadline set by the Court, Petitioner's motion for default judgment should be denied.

### B. Jurisdiction Under 28 U.S.C. § 2241

A federal prisoner who wishes to challenge the validity or constitutionality of his federal

---

² Page numbers refer to the ECF page numbers stamped at the top of the page.

³ The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)).

conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

The instant petition challenges the validity of Petitioner's conviction. Therefore, the appropriate procedure would be to file a § 2255 motion in the court that imposed the sentence rather than a § 2241 habeas petition in this Court. However, § 2255(e)'s "escape hatch" or "savings clause" permits a federal prisoner to file a habeas corpus petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner may proceed under § 2241 pursuant to the escape hatch or savings clause when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003) (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000)).

The Ninth Circuit has recognized that this exception is narrow, and the remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred. Ivy, 328 F.3d at 1059. "In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Id. at 1060. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008) (quoting Ivy, 328 F.3d at 1060–61). "An intervening

court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a *change* in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (citing Ivy, 328 F.3d at 1060).

Here, Petitioner has not established that he never had an unobstructed procedural shot at presenting his actual innocence claim. First, the inquiry into whether Petitioner had an unobstructed procedural shot at presenting his claim does not turn on the discovery of new evidence. See Harrison, 519 F.3d at 960. Moreover, Petitioner did in fact present his actual innocence claim to the sentencing court. On September 10, 2018, Petitioner filed a motion for a claim of actual innocence due to newly discovered evidence in his § 2255 proceeding in the United States District Court for the Southern District of California. Rivers, 2019 WL 1959583, at *1. Petitioner also provided the sentencing court with "the victim's signed declaration stating that [Petitioner] 'didnt [sic] know my true age at the time'; that [Petitioner] was her boyfriend, and her mother did not agree with the relationship and called the police; and that [Petitioner] 'is innocent of sex trafficking.'"[4] Id. at *6. Although the district court found that Petitioner's actual innocence claim was barred by the one-year statute of limitations, the court alternatively addressed the merits of the claim and found Petitioner was not entitled to relief. Id. at *4, 6.

Based on the foregoing, the Court finds that Petitioner had an unobstructed procedural shot at presenting his actual innocence claim, and thus Petitioner may not proceed under § 2241 pursuant to the savings clause. Therefore, this Court lacks jurisdiction over the instant petition, and it should be dismissed.

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's motion for default judgment (ECF No. 12) be DENIED;
2. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and

---

[4] It appears that the victim's signed declaration presented to the sentencing court is the same signed declaration attached to the petition in this case. (ECF No. 1 at 6; ECF No. 11 at 2–3).

3. The petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE Melissa Parr as Respondent in this matter and randomly ASSIGN this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 10, 2019**

UNITED STATES MAGISTRATE JUDGE