# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARREN RIVERS,<br><br>Petitioner,<br><br>v.<br><br>MELISSA PARR,<br><br>Respondent. | Case No. 1:19-cv-00292-DAD-SAB-HC<br><br>ORDER DENYING MOTION FOR DISCOVERY<br><br>(ECF No. 16) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 15, 2019, the Court received the instant motion for discovery, wherein Petitioner requests a copy of Detective Bales's interview of the victim that occurred on or around September 9, 2013. (ECF No. 16).

Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases,[1] it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. U.S. District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a), Rules Governing Section 2254 Cases. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

---

[1] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1

demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (citing Harris v. Nelson, 394 U.S. 287 (1969)). If good cause is shown, the extent and scope of discovery is within the court's discretion. See Rule 6(a), Rules Governing Section 2254 Cases. "[A] district court abuse[s] its discretion in not ordering Rule 6(a) discovery when discovery [i]s 'essential' for the habeas petitioner to 'develop fully' his underlying claim." Smith v. Mahoney, 611 F.3d 978, 997 (9th Cir. 2010) (alterations in original) (internal quotation marks omitted) (quoting Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005)).

However, on October 11, 2019, the undersigned issued findings and recommendation to dismiss the petition for lack of jurisdiction, finding that Petitioner did have an unobstructed procedural shot at presenting his actual innocence claim and thus did not satisfy the requirements to bring a § 2241 habeas petition under the savings clause of § 2255(e). (ECF No. 15). Therefore, Petitioner has not established good cause for discovery because even if the facts of his actual innocence claim are fully developed, Petitioner is not able to demonstrate that he is entitled to relief.

Accordingly, Petitioner's motion for discovery (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: **November 12, 2019**

UNITED STATES MAGISTRATE JUDGE