UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARREN RIVERS,<br><br>Petitioner,<br><br>v.<br><br>MELISSA PARR,<br><br>Respondent. | No. 1:19-cv-00292-DAD-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 11, 12, 15) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus purportedly brought pursuant to 28 U.S.C. § 2241. On October 11, 2019, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending petition be granted, petitioner's motion for entry of default judgment be denied, and the petition for writ of habeas corpus be dismissed for lack of jurisdiction because petitioner has failed to satisfy the criteria to bring a § 2241 petition pursuant to the savings clause of 28 U.S.C. § 2255(e). (Doc. No. 15.) The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of that order. On October 24, 2019, petitioner filed timely objections. (Doc. No. 17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including petitioner's

/////

1

1 | objections, the court finds the findings and recommendations to be supported by the record and
2 | by proper analysis.
3 | The assigned magistrate judge found that petitioner failed to establish that he did not have an unobstructed procedural shot at presenting his actual innocence claim. (Doc. No. 15 at 4.) Petitioner objects that the legal basis for his claim did not arise until two years after he had exhausted his first § 2255 motion, pointing to declaration signed by the alleged victim of petitioner's crime which is dated February 15, 2018. (Doc. No. 17 at 4.) However, petitioner cannot proceed under § 2241 pursuant to the escape hatch or savings clause without presenting a legal basis that did not arise until after he exhausted his direct appeal and first § 2255 motion, such as a change in the law. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim . . . we consider: (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion.") (internal quotations omitted). Petitioner has failed to make that showing.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. *See id.* at 958 ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

/////

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendation issued on October 11, 2019 (Doc. No. 15) are adopted;
2. Respondent's motion to dismiss (Doc. No. 11) is granted;
3. Petitioner's motion for default judgment (Doc. No. 12) is denied;
4. The petition for writ of habeas corpus is dismissed;
5. The Clerk of the Court is directed to close the case; and
6. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **February 22, 2020**

UNITED STATES DISTRICT JUDGE